## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SANTOS A. PERDOMO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 4:14-cv-00973-WMA-JHE |
| | ) | |
| ERIC H. HOLDER, JR., et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### MEMORANDUM OPINION

Petitioner Santos A. Perdomo ("Perdomo") instituted this action on May 23, 2014, filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On July 22, 2014, Respondents answered the Court's order to show cause, seeking summary dismissal of Perdomo's petition for failure to exhaust administrative remedies. (Doc. 10). On September 22, 2014, Perdomo responded with an affidavit. (Doc. 14). Thereafter, Respondents filed a status report, indicating that, contrary to Perdomo's assertion he had moved for bond redetermination, the immigration court had no record of the motion. (Doc. 15). In response, Perdomo filed a second affidavit and a motion seeking time to investigate and file additional affidavits. (Docs. 16-17). For the reasons stated more fully below, Perdomo's petition, (doc. 1), is due to be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

### I.  Procedural History

Perdomo is a native and citizen of El Salvador. (Doc. 10-1 at ¶ 2). At some point , he entered the United States illegally near Phoenix, Arizona. (*Id.*). United States Immigration and Customs Enforcement ("ICE") took Perdomo into custody on February 11, 2011, and served him with a Notice to Appear. (*Id.* at ¶ 11). He was denied bond and ordered into the custody of the

Department of Homeland Security. (*Id.*). He subsequently requested a redetermination of his custody by an immigration judge, and the immigration judge granted bond in the amount of $4,000. (*Id.* at ¶ 12). Upon posting bond, Perdomo was released on April 22, 2011. (*Id.* at ¶ 13).

On January 27, 2012, Perdomo failed to appear for his removal proceedings and was *in absentia* ordered removed from the United States to El Salvador. (*Id.* at ¶ 15). He successfully moved to reopen his removal proceedings. (*Id.* at ¶ 16-17). On September 3, 2013, he was once again *in absentia* ordered removed from the United States to El Salvador in removal proceedings in Miami, Florida. (*Id.* at 18). On September 16, 2013, ICE took Perdomo into custody in Miami, (*id.* at 19), and transferred him to the ICE facility in Gadsden, Alabama, where he is currently being detained, (doc. 1 at 16).

On September 23, 2013, Perdomo appealed his removal order to the Board of Immigration Appeals ("BIA"), where his appeal remains pending. (Doc. 10-1 at ¶ 20; doc. 1 at 3; doc. 14 at 3). On May 23, 2014, Perdomo filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a bond redetermination and the review of the lawfulness of his detention. (Doc. 1).

Perdomo also asserts he moved for a bond hearing in the immigration court in Miami, Florida, on August 20, 2014, (doc. 14 at 4; doc. 17 at 1), but Respondents confirmed with that court that no such motion had been filed, (doc. 15-1 at ¶¶ 3-4). Perdomo requests this Court give him sixty days to investigate the issue and file additional affidavits. (Doc. 16).

## II. Analysis

Perdomo seeks an order granting him a bond determination or declaring his continued detention illegal. (Doc. 1). However, Perdomo is not entitled to relief from this Court because he has failed to exhaust his administrative remedies. "The requirement of exhaustion may arise either from explicit statutory language or an administrative scheme that provides for agency relief," *Sequeira-Balmaceda v. Reno*, 79 F. Supp. 2d 1378, 1381 (N.D. Ga. 2000) (citing *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993)), and it "serves the twin purposes of

protecting administrative agency authority and promoting judicial efficiency," *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003) (quoting *Kurfees v. INS*, 275 F.3d 332, 336 (4th Cir. 2001)).  "If a party fails to exhaust administrative remedies before seeking redress in the federal courts, the Court should dismiss the action because it lacks jurisdiction over the subject matter."  *Id.* (citing *Perez–Perez v. Hanberry*, 781 F.2d 1477, 1478 (11th Cir. 1986) (holding the district court lacked jurisdiction over habeas petitions challenging parole determinations because the petitioners had not exhausted their administrative remedies under the statutory and regulatory procedures)).

First, this Court must determine what administrative remedies apply to a detainee in Perdomo's situation.  Because an order of removal is not final while an appeal is pending before the BIA, *see* 8 C.F.R. § 1241.1(a) ("An order of removal . . . shall become final [u]pon dismissal of an appeal by the Board of Immigration Appeals . . . ."), Perdomo's detention is controlled by the pre-removal provision of 8 U.S.C. § 1226(a), giving the Attorney General discretion to continue detaining the alien or to release him on bond or conditional parole.  The Code of Federal Regulations creates a procedure for determining whether an alien detainee receives bond and for that detainee to appeal any adverse decision.  *See* 8 C.F.R. § 1236.1(c)(8)-(11) (authorizing officers to grant release on bond); *id.* § 1236.1(d) (detailing appeals of that decision to an immigration judge and the BIA).  In his petition and subsequent affidavits, Perdomo acknowledges he has a pending appeal before the BIA on his order of removal and further asserts he is attempting to obtain a redetermination of his bond.  (Doc. 1 at 3; doc. 14 at 3-4; doc. 17 at 1).  Although Respondents have noted the immigration court has not received such a motion, it is clear Perdomo has either failed to seek redetermintion of his bond or is currently in the process of doing so.  Under either circumstance, he has not exhausted his administrative remedies and, therefore, is not yet entitled to federal habeas relief.

Perdomo's argument based on *Zadvydas v. Davis*, 533 U.S. 678 (2001), (doc. 1 at 13), is similarly premature.  Because his order of removal is not final, the 90-day period of detention allowed by 8 U.S.C. § 1231(a)(1) and addressed in *Zadvydas*, 533 U.S. at 701, does not apply to

Perdomo.  *See* 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following:  (i) The date the order of removal becomes administratively final . . . .").

As Perdomo seems to have acknowledged, his current avenue for relief is to seek a bond determination through the administrative process.  (*See* doc. 17 at 1-2) ("I wanted to exhaust my administrative remedies to be released from immigration detention.  So, I mailed the [August 2014] Bond petition to the Miami Immigration Court and was awaiting their responds [sic].").  Because he has not exhausted his administrative remedies, his petition for writ of habeas corpus is premature and due to be **DENIED**.[1]

### III.  Conclusion

Based on the foregoing, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Respondents' request for summary dismissal, (doc. 10), is **GRANTED**;

2.  Predomo's petition for habeas corpus pursuant to 28 U.S.C. § 2241, (doc. 1), is **DISMISSED WITHOUT PREJUDICE**; and

3.  Perdomo's motion requesting extension of time or continuance of proceedings, (doc. 16), is **DENIED**.

DONE this 31st day of October, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Perdomo's motion requesting an extension of time or continuance of proceedings, (doc. 16), is also due to be **DENIED**.  As previously noted, his failure to exhaust his administrative remedies deprives this Court of jurisdiction, and, in any event, there is no danger of circumstances causing this dismissal without prejudice from depriving him of properly bringing his claims again in the future.